AUSA Dylan Smith (312) 469-6305

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. **09 CR 748** |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| MUHAMMED SAEED MALIK | ) | |

## AFFIDAVIT IN REMOVAL PROCEEDING

I, PATRICIA GIBBONS, personally appearing before United States Magistrate Judge

JEFFREY COLE and being duly sworn on oath, state that as a federal law enforcement

officer I have been informed that MUHAMMED SAEED MALIK (hereinafter "Malik"), has

been charged by Indictment in the Eastern District of California with the following criminal

offenses: conspiracy to commit mail fraud, in violation of Title 18, United States Code,

Section 1349 (Count One) and mail fraud, in violation of Title 18, United States Code,

Section 1341 (Counts Two through Twenty-Eight).

A copy of the Indictment is attached. I have been informed through official channels

that a warrant for the arrest of Malik has been issued pursuant to the Indictment. A copy of

the arrest warrant also is attached.

**FILED**

SEP 14 2009 **TC**
September 14, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PATRICIA GIBBONS
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, & Explosives

SUBSCRIBED AND SWORN to before me this 14th day of September, 2009.

JEFFREY COLE
United States Magistrate Judge

SEALED

LAWRENCE G. BROWN
United States Attorney
R. STEVEN LAPHAM
Assistant U.S. Attorney
PETER M. WILLIAMS
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2724

**FILED**

SEP 1 0 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

2 0 9 - R - 3 9 2   EJG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | VIOLATIONS: 18 U.S.C. § 1349 - |
| | ) | Conspiracy to Commit Mail Fraud |
| v. | ) | 18 U.S.C. § 1341 - Mail Fraud |
| | ) | (27 Counts) |
| ISA CHICAGO WHOLESALE, | ) | |
| MUHAMMAD INAYAT, and | ) | |
| MUHAMMED SAEED MALIK, | ) | |
| | ) | |
| Defendant(s). | ) | |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud]

The Grand Jury charges:

ISA CHICAGO WHOLESALE,
MUHAMMAD INAYAT, and
MUHAMMED SAEED MALIK,

defendants herein, as follows:

A. INTRODUCTION

At all times relevant to this indictment:

1. Defendant ISA CHICAGO WHOLESALE (ISA), is a corporation that

1

1   is located and licensed in Chicago, Illinois, as a tobacco wholesaler

2   and distributer. From in or about April of 2007 to the date of this

3   indictment, ISA engaged in the business of distributing "Other

4   Tobacco Products" (OTP) which it would purchase from out of state

5   manufacturers. OTP consists of tobacco products other than

6   cigarettes, such as cigars, chewing tobacco and leaf tobacco.

7       2. Defendant MUHAMMAD INAYAT (INAYAT), was the owner, president,

8   and primary shareholder of defendant ISA and was in charge of the day

9   to day operations of ISA.

10      3. Defendant MUHAMMED SAEED MALIK (MALIK), is the brother of

11  defendant INAYAT, holds an ownership interest in ISA, and is also in

12  charge of the day to day operations of ISA.

13      4. K.S., a person known to the Grand Jury but not indicted

14  herein, is a resident of Yuba City, California.  He is the proprietor

15  of two businesses, SA Wholesale and K & L Wholesale.  SA Wholesale

16  deals primarily with the buying and selling of OTP, while his other

17  business deals with both tobacco and general merchandise.  From in or

18  about February of 2008 through in or about December of 2008, K.S.

19  held a California tobacco distributor's license.

20

21      5. Beginning on a date unknown to the Grand Jury, but no later

22  than in or about October of 2007, and continuing to approximately in

23  or about September of 2008, K.S. purchased OTP from defendant ISA on

24  a near-weekly basis. The OTP was purchased from defendant ISA without

25  the California tobacco excise tax being paid.

26      6. In California, licensed tobacco distributors are required to

27  collect excise tax on OTP when they distribute that product within

28  the State. Licensed distributors must then submit to the California

2

1  State Board of Equalization (BOE) in Sacramento, California, monthly

2  reports reflecting the amount of untaxed OTP purchased in the

3  previous month and the amount of excise tax owing, together with

4  payment in that amount. Individuals or businesses that do not have a

5  California distributor's license may not possess untaxed OTP.  While

6  licensed tobacco distributors may legally possess untaxed tobacco

7  products, they may do so only if purchased directly from the

8  manufacturer.  In contrast, licensed tobacco wholesalers may not

9  legally possess untaxed tobacco products at all.

10      7. Tobacco distributors in California are required by California

11  law to maintain accurate records reflecting their purchase and sale

12  of tobacco products.

13                          **B. CONSPIRACY**

14

15      8. From a date unknown to the Grand Jury, but not later than in

16  or about October of 2007, and continuing to approximately in or about

17  September of 2008, in the State and Eastern District of California

18  and elsewhere, the defendants did knowingly and willfully agree,

19  combine, and conspire with each other and with others unknown to the

20  Grand Jury to execute through use of the mails or commercial carrier

21  a scheme and artifice to defraud the State of California and to

22  obtain money by means of false and fraudulent pretenses and

23  representations in connection with their purchase and sale of OTP, in

24  violation of Title 18, United States Code, Section 1349.

25      9. The purpose of the conspiracy was to conceal from the State

26  of California taxable sales of OTP in California thereby allowing

27  sales of tax-free OTP which, in turn, increased both the volume of

28  ///

1  OTP sales for the defendants and the profit margin obtained
2  therefrom.
3      10. During the course of their conspiracy, defendants ISA,
4  INAYAT, MALIK, along with K.S., deprived the State of California of
5  over $650,000 in tobacco excise tax.

### C. MANNER AND MEANS

7
8      11. It was part of the conspiracy that defendant ISA, an out-of-
9  state distributor, as directed by defendants INAYAT and MALIK,
10 initially sold untaxed OTP to K.S. knowing he could not legally
11 possess the OTP since he did not, at that time, have a California
12 tobacco distributor's license, and knowing that K.S. did not intend
13 to pay the excise tax on the shipped product. On most occasions,
14 defendant INAYAT would decide what type of OTP to ship to K.S. and in
15 what amount.
16     12. It was further part of the conspiracy that K.S. would then
17 sell this OTP primarily to California customers at an untaxed price.
18     13. It was a further part of the conspiracy that defendant
19 INAYAT and MALIK would use vague and misleading invoices and shipping
20 documents with respect to the OTP shipments.  The shipping documents
21 and invoices attempted to obfuscate or disguise K.S.'s name and
22 address in order to increase the difficulty for the State of
23 California to track and ascertain the amount of taxable OTP being
24 shipped to, and sold by, K.S.. Specifically, defendants INAYAT and
25 MALIK would ship OTP to K.S. at several different locations and using
26 different names, in order to increase the difficulty of determining
27 the true source and recipient of the OTP.
28

4

1       14. It was further part of the conspiracy that defendants INAYAT

2    and MALIK would cover OTP shipped to K.S. with black plastic wrapping

3    so that inspectors, or shippers handling the pallets of OTP, could

4    not easily ascertain the content of the pallets.

5       15. It was further part of the conspiracy that, in or about

6    January of 2008, after several shipments to K.S. in Oroville,

7    California, defendant INAYAT advised K.S. to lease a warehouse in

8    Sacramento, California, so that defendants INAYAT, MALIK and ISA

9    could ship larger quantities of OTP to California, and so that the

10    employees or agents of defendants INAYAT, MALIK and ISA could receive

11    a portion of the OTP shipped to the warehouse in Sacramento for sale

12    on behalf of the defendants. Once K.S. leased the warehouse,

13    defendants INAYAT and MALIK begin giving K.S. discounts on OTP

14    shipped from defendant ISA.

15       16. It was a further part of the conspiracy that, at around the

16    time K.S. leased the warehouse in Sacramento, he also obtained a

17    distributor's license from the BOE and began filing false monthly

18    returns to the BOE. These returns were false and fraudulent in that

19    they under-reported the true amount of OTP sold to California

20    customers and the corresponding amount of excise tax owed by K.S. or

21    defendants INAYAT, MALIK and ISA.

22       17. It was further part of the conspiracy that defendants INAYAT

23    and MALIK would periodically use a company called IIC to ship OTP to

24    K.S. in order to disguise from the BOE and other law enforcement

25    agencies the true source of the OTP. In fact, IIC was merely a front

26    for defendant ISA, with IIC company operations being run out of

27    defendant ISA's warehouse, and any money collected by IIC being

28    transferred to defendant ISA.

## D. OVERT ACTS

18. On or about the dates listed below, in furtherance of the conspiracy to defraud the State of California of tax revenue and to effect the objects thereof, defendants INAYAT and MALIK, as more specifically set forth below, knowingly deposited and caused to be deposited OTP to be sent by private and commercial interstate carrier to K.S. in Oroville, California, and Sacramento, California, or knowingly directed OTP to be delivered by private and commercial interstate carrier to K.S. in Oroville, California, and Sacramento, California:

| OVERT ACT | DATE OF SHIPMENT | MATTER OR THING SHIPPED |
|---|---|---|
| 1 | 11/26/07 | OTP shipped via Flo Trans |
| 2 | 12/07/07 | OTP shipped via Flo Trans |
| 3 | 12/26/07 | OTP shipped via Flo Trans |
| 4 | 1/09/08 | OTP shipped via Speedy Logistics/FedEx |
| 5 | 1/22/08 | OTP shipped via FedEx Freight |
| 6 | 1/24/08 | OTP shipped via Roadway Express |
| 7 | 1/28/08 | OTP shipped via Roadway Express |
| 8 | 2/15/08 | OTP shipped via Roadway Express |
| 9 | 3/04/08 | OTP shipped via Roadway Express |
| 10 | 3/05/08 | OTP shipped via Roadway Express |
| 11 | 3/24/08 | OTP shipped via Roadway Express |
| 12 | 4/01/08 | OTP shipped via Roadway Express |
| 13 | 4/10/08 | OTP shipped via Roadway Express |
| 14 | 4/21/08 | OTP shipped via Roadway Express |
| 15 | 4/23/08 | OTP shipped via Roadway |

| | | Express |
|---|---|---|
| 16 | 4/28/08 | OTP shipped via Roadway Express |
| 17 | 5/01/08 | OTP shipped via Roadway Express |
| 18 | 5/14/08 | OTP shipped via Roadway Express |
| 19 | 5/19/08 | OTP shipped via Roadway Express |
| 20 | 5/28/08 | OTP shipped via Roadway Express |
| 21 | 6/18/08 | OTP shipped via Roadway Express |
| 22 | 7/10/08 | OTP shipped via Roadway Express |
| 23 | 7/24/08 | OTP shipped via Roadway Express |
| 24 | 8/04/08 | OTP shipped via Roadway Express |
| 25 | 8/20/08 | OTP shipped via Roadway Express |
| 26 | 9/03/08 | OTP shipped via Roadway Express |
| 27 | 9/09/08 | OTP shipped via Roadway Express |

19. On or about the dates listed below, in furtherance of the conspiracy to defraud the State of California of tax revenue and to effect the objects thereof, K.S., as more specifically set forth below, (1) knowingly placed in an authorized depository for mail matter, items to be delivered by the United States Postal Service to the California Board of Equalization in Sacramento, California, or (2) knowingly deposited and caused to be deposited matter to be sent by private and commercial carrier to the California Board of Equalization in Sacramento, California:

///

///

7

| OVERT ACT | DATE OF MAILING | MAIL MATTER |
|-----------|-----------------|-------------|
| 28 | 3/25/08 | BOE Form 501-CT for month of Feb. 2008 |
| 29 | 4/25/08 | BOE Form 501-CT for month of March 2008 |
| 30 | 5/27/08 | BOE Form 501-CT for month of April 2008 |
| 31 | 6/25/08 | BOE Form 501-CT for month of May 2008 |
| 32 | 7/25/08 | BOE Form 501-CT for month of June 2008 |
| 33 | 8/25/08 | BOE Form 501-CT for month of July 2008 |
| 34 | 9/25/08 | BOE Form 501-CT for month of Aug. 2008 |
| 35 | 11/27/08 | BOE Form 501-CT for month of Sept. 2008 |

all in violation of Title 18, United States Code, Section 1349.

COUNT TWO THROUGH TWENTY-EIGHT: [18 U.S.C. § 1341 – Mail Fraud]

The Grand Jury charges:

ISA CHICAGO WHOLESALE,
MUHAMMAD INAYAT, and
MUHAMMED SAEED MALIK,

the defendants herein, as follows:

1. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1 through 7 and 11 through 17 of Count One.

2. Beginning not later than in or about October 2007 and continuing through in or about September 2008, defendants ISA CHICAGO WHOLESALE, MUHAMMAD INAYAT and MUHAMMED SAEED MALIK did knowingly devise and intend to devise a scheme and artifice to defraud the State of California of OTP excise tax revenue to which they were entitled by law, and to obtain money not rightfully theirs, by means of materially false and fraudulent pretenses, representations and promises.

8

3. On or about the dates listed below, for the purpose of executing the aforementioned scheme to defraud the State of California of tax revenue, the defendants ISA, INAYAT and MALIK, as more specifically set forth below, knowingly deposited and caused to be deposited, OTP to be sent by private and commercial interstate carrier to K.S. in Oroville, California, and Sacramento, California, and knowingly directed OTP to be delivered by private and commercial interstate carrier to K.S. in Oroville, California, and Sacramento, California:

| COUNT | DATE OF MAILING | MAIL MATTER |
|-------|-----------------|-------------|
| 2 | 11/26/07 | OTP shipped via Flo Trans |
| 3 | 12/07/07 | OTP shipped via Flo Trans |
| 4 | 12/26/07 | OTP shipped via Flo Trans |
| 5 | 1/09/08 | OTP shipped via Speedy Logistics/FedEx |
| 6 | 1/22/08 | OTP shipped via FedEx Freight |
| 7 | 1/24/08 | OTP shipped via Roadway Express |
| 8 | 1/28/08 | OTP shipped via Roadway Express |
| 9 | 2/15/08 | OTP shipped via Roadway Express |
| 10 | 3/04/08 | OTP shipped via Roadway Express |
| 11 | 3/05/08 | OTP shipped via Roadway Express |
| 12 | 3/24/08 | OTP shipped via Roadway Express |
| 13 | 4/01/08 | OTP shipped via Roadway Express |
| 14 | 4/10/08 | OTP shipped via Roadway Express |
| 15 | 4/21/08 | OTP shipped via Roadway Express |
| 16 | 4/23/08 | OTP shipped via Roadway Express |
| 17 | 4/28/08 | OTP shipped via Roadway Express |
| 18 | 5/01/08 | OTP shipped via Roadway Express |
| 19 | 5/14/08 | OTP shipped via Roadway Express |
| 20 | 5/19/08 | OTP shipped via Roadway Express |
| 21 | 5/28/08 | OTP shipped via Roadway Express |
| 22 | 6/18/08 | OTP shipped via Roadway Express |
| 23 | 7/10/08 | OTP shipped via Roadway Express |
| 24 | 7/24/08 | OTP shipped via Roadway Express |
| 25 | 8/04/08 | OTP shipped via Roadway Express |

| | | |
|---|---|---|
| 26 | 8/20/08 | OTP shipped via Roadway Express |
| 27 | 9/03/08 | OTP shipped via Roadway Express |
| 28 | 9/09/08 | OTP shipped via Roadway Express |

all in violation of Title 18, United States Code, Section 1341.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

LAWRENCE G. BROWN
United States Attorney

10

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

## THE UNITED STATES OF AMERICA

*vs.*

ISA Chicago Wholesale,
Muhammad Inayat, and
Muhammed Saeed Malik

---

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1349 - Conspiracy to Commit
Mail Fraud; 18 U.S.C. § 1341 - Mail Fraud (27 Counts)

---

*A true bill,*

/S/
_____
                                        *Foreman.*


*Filed in open court this* _____ *day*

*of* _____ *, A.D. 20* _____

---
                                        *Clerk.*

---

*Bail, $* _____  **NO BAIL WARRANT**

                    GREGORY G. HOLLOWS

---

GPO 863 525

PENALTY SLIP

**ISA CHICAGO WHOLESALE,**
**MUHAMMAD INAYAT, and**
**MUHAMMED SAEED MALIK,**

COUNT ONE
VIOLATION:        18 U.S.C. §§ 1349 - Conspiracy to Commit Mail Fraud
PENALTY:          Not more than $250,000 Fine; or
                  Not more than 20 years Imprisonment, or both;
                  Not less than 3 years of supervised release.

COUNTS TWO THROUGH TWENTY EIGHT:
VIOLATION:        18 U.S.C. §§ 1341 - Mail Fraud
PENALTY:          Not more than $250,000 Fine; or
                  Not more than 20 years Imprisonment, or both;
                  Not less than 3 years of supervised release.

ASSESSMENT:       $100 special assessment for each count.

Case 2:09-cr-00392-EJG *SEALED*    Document 7 (Court only)    Filed 09/10/2009    Page 1 of 1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

**USA ,**

v.

**MUHAMMED SAEED MALIK ,**

**WARRANT FOR ARREST**

Case No:  **2:09−CR−00392−EJG *SEALED***

To: The United States Marshal
    and any Authorized United States Officer

    YOU ARE HEREBY COMMANDED to arrest    **Muhammed Saeed Malik ,**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment    ☐ Information    ☐ Violation Petition  ☐ Other   _____

charging him or her with (brief description of offense)
**Conspiracy to Commit Mail Fraud**

in violation of Title  **18** _____    United States Code, Section(s)   **1349** _____

| | |
|---|---|
| A. Kastilahn | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| | **9/10/09**    **Sacramento** |
| Signature of Issuing Officer | Date and Location |

Bail fixed at  **$To be Determined at Initial Appearance** _____    by    **Magistrate Judge Gregory G. Hollows**

---

**RETURN**

This warrant was received and executed with the arrest of the above−named defendant _____

| | |
|---|---|
| _____ | _____ |
| Date Received | Name and Title of Arresting Officer |
| _____ | _____ |
| Date of Arrest | Signature of Arresting Officer |

From:                                          08/28/2009 11:10      #675 P.007/009

**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHICAGO, IL 60603**

In the Matter of:

MUHAMMAD S. MALIK                    A _99- 031- 023_____

Respondent                           IN REMOVAL PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of oral decision entered on ___8/27/09_____. This memorandum is
solely for the convenience of the parties. If the proceedings should be appealed or
reopened, the oral decision will become the official opinion in the case.

[ ]   The respondent was ordered removed from the United States to_____.
      [ ] in absentia on the charges as set out in the notice to appear.
[ ]   Respondent's application for voluntary departure was denied and respondent was
      ordered removed to _____ alternative to _____
[✓]   Respondent's application for voluntary departure was granted until ___10/26/09_____
      upon posting a bond in the amount of __$500._____ with an alternative order of
      removal to __PAKISTAN__.
[ ]   Respondent's application for asylum was ( ) granted   ( ) denied   ( ) withdrawn.
[ ]   Respondent's application for withholding of removal was ( ) granted ( ) denied
      ( ) withdrawn.
[ ]   Respondent's application for withholding/deferral of removal under Article 3
      of the Torture Convention was ( ) granted ( ) denied ( ) withdrawn.
[ ]   Respondent's application for cancellation of removal under Section 240A(a) was
      ( ) granted ( ) denied ( ) withdrawn.
[✓]   Respondent's application for cancellation of removal under Section 240A(b) was
      ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent
      be issued all appropriate documents necessary to give effect to this order.
[ ]   Respondent's application for a waiver under Section ____ of the INA was ( ) granted
      ( ) denied   ( ) withdrawn ( ) other.
[ ]   Respondent's application for adjustment of status under Section_____ of the INA was
      ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that respondent
      be issued all appropriate documents necessary to give effect to this order.
[ ]   Respondent's status was rescinded under Section 246.
[ ]   Respondent is admitted to the United States as a _____until _____.
[ ]   As a condition of admission, respondent is to post a $_____bond.
[ ]   Respondent knowingly filed a frivolous asylum application after proper notice.
[ ]   Respondent was advised of the limitation on discretionary relief for failure to appear
      as ordered in the immigration Judge's oral decision.
[ ]   Proceedings were terminated, without prejudice.
[ ]   Proceedings were administratively closed.
[ ]   Other:_____.

Date: __8/27/09_____
Appeal: WAIVED/RESERVED(A)(I/B)
APPEAL DUE BY: ___9/28/09____

                                        _____
                                        Carlos Cuevas
                                        Immigration Judge

From:                                    08/28/2009 11:11   #675 P.008/009

536 S. Clark
4th floor
Chicago, IL

A# 099-031-023

**NOTICE TO RESPONDENTS**
**GRANTED VOLUNTARY DEPARTURE**

You have been granted the privilege of voluntarily departing from the United States of America. The Court advises you that, if you fail to voluntarily depart the United States within the time period specified, a removal order will automatically be entered against you. Pursuant to section 240B(d) of the Immigration and Nationality Act, you will also be subject to the following penalties:

1. You will be subject to a civil penalty of not less than $1,000 and not more than $5,000; and
2. You will be ineligible, for a period of 10 years, to receive cancellation of removal, adjustment of status, registry, voluntary departure, or a change of nonimmigrant status.

The Court further advises you that:

☐ **You have been granted pre-conclusion voluntary departure.**
   1. If you file a motion to reopen or reconsider during the voluntary departure period, the grant of voluntary departure will be terminated automatically, the alternate order of removal will take effect immediately, and the penalties for failure to depart voluntarily under section 240B(d) of the Act will not apply. 8 C.F.R. ' 1240.26(b)(3)(iii).
   2. There is a civil monetary penalty if you fail to depart within the voluntary departure period. In accordance with the regulation, the Court has set the presumptive amount of $3,000 (or _____ instead of the presumptive amount). 8 C.F.R. ' 1240.26(j).

☒ **You have been granted post-conclusion voluntary departure.**
   1. If the Court set any additional conditions, you were advised of them, and were given an opportunity to accept or decline them. As you have accepted them, you must comply with the additional conditions. 8 C.F.R. ' 1240.26(c)(3).
   2. The Court set a specific bond amount. You were advised of the bond amount, and were given an opportunity to accept or decline it. As you have accepted it, you have a duty to post that bond with the Department of Homeland Security, Immigration and Customs Enforcement, Field Office Director within 5 business days of the Courts order granting voluntary departure. 8 C.F.R. ' 1240.26(c)(3)(i).
   3. If you have reserved your right to appeal, then you have the absolute right to appeal the decision. If you do appeal, you must provide to the Board of Immigration Appeals, within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if you do not submit timely proof to the Board that the voluntary departure bond has been posted. 8 C.F.R. ' 1240.26(c)(3)(ii).
   4. If you do not appeal and instead file a motion to reopen or reconsider during the voluntary departure period, the period allowed for voluntary departure will not be stayed, tolled, or extended, the grant of voluntary departure will be terminated automatically, the alternate order of removal will take effect immediately, and the penalties for failure to depart voluntarily under section 240B(d) of the Act will not apply. 8 C.F.R. " 1240.26(c)(3)(iii), (e)(1).
   5. There is a civil monetary penalty if you fail to depart within the voluntary departure period. In accordance with the regulation, the Court has set the presumptive amount of $3,000 (or _____ instead of the presumptive amount). 8 C.F.R. ' 1240.26(j).

Alien Number: 099-031-023          Alien Name:  MALIK, MUHAMMAD SAEED

LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

1. You have been scheduled for a removal hearing, at the time and place
   set forth on the attached sheet.  Failure to appear for this hearing
   other than because of exceptional circumstances beyond your control**
   will result in your being found ineligible for certain forms of
   relief under the Immigration and Nationality Act (see Section A.
   below) for a period of ten (10) years after the date of entry of the
   final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place
   set forth on the attached notice.  Failure to appear for this hearing
   other than because of exceptional circumstances beyond your control**
   will result in your being found ineligible for certain forms of relief
   under the Immigration and Nationality Act (see Section A. Below) for a
   period of ten (10) years from the date of your scheduled hearing.

3. You have been granted voluntary departure from the United States
   pursuant to section 240B of the Immigration and Nationality Act, and
   remaining in the United States beyond the authorized date will result
   in your being found ineligible for certain forms of relief under the
   Immigration and Nationality Act (see Section A. Below) for ten (10)
   years from the date of the scheduled departure.  Your Voluntary
   departure bond, if any, will also be breached.  Additionally, if you
   fail to voluntarily depart the United States within the time period
   specified, you shall be subject to a civil penalty of not less than
   $1000 and not more than $5000.
   **the term "exceptional circumstances" refers to circumstances such
   as serious illness of the alien or death of an immediate relative
   of the alien, but not including less compelling circumstances.

A.  THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
    1)    Voluntary departure as provided for in section 240B of the
          Immigration and Nationality Act;
    2)    Cancellation of removal as provided for in section 240A of the
          Immigration and Nationality Act; and
    3)    Adjustment of status or change of status as provided for in Section
          245, 248 or 249 of the Immigration and Nationality Act.

    This written notice was provided to the alien in English.  Oral notice of
the contents of this notice must be given to the alien in his/her native
language, or in a language he/she understands by the Immigration Judge.
Date:  Aug 27, 2009
Immigration Judge: _____   or Court Clerk: _____

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO:  [ ] ALIEN   [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] DHS
DATE: ___8/27/09___   BY:  COURT STAFF
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
                                                                        N6

From:                                08/28/2009 11:07      #675 P.001/009

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

**IMMIGRATION BOND**

OMB No. 1653-0022; Expires 04/30/2011

Power of Attorney Number _____
(Bonded Alien) File No. A99 031 023
Bond Receipt No. CHI-36840

**A.**
Name of Obligor: Arvind Oza

Street Address of Obligor: 1454 President St

City, State and Zip Code: Glendale Heights, IL  60139

Telephone: 630 290-2021    Name of Agent/Co-Obligor (if any-Surety Bonds only): _____

Address (if different from that of Obligor): _____

_____

Telephone: _____  Address to use for notice purposes: ☒ Obligor    ☐ Agent    ☐ Both

If this is executed by a surety company the rate of premium is: _____% and the amount of premium is: _____

The name and address of the person who executed a written instrument with the surety company requesting it to post bond is:

**B.** Information about alien for whom bond is furnished:
Name: Muhammad Saeed MALIK

Current Location (i.e., where detained): _____

Date and country of birth: 06/06/1976 / PAKISTAN          Nationality: PAKISTAN

Date, port and means of arrival in the United States: 03/01/1999 / UNK, EWI

Alien to reside at: 342 Eire Circle, Bloomingdale, IL  60139

Telephone number at alien's residence: 630 539-6613

**C.** In consideration of the facts recited in paragraph or paragraphs herein numbered G(3)       and captioned
BOND CONDITIONED UPON THE VOLUNTARY DEPARTURE OF AN ALIEN                    (and in any rider
or riders lettered _____ and captioned _____ , the above named
obligor and the agent acting on its behalf (if any), by subscribing hereto, hereby declare that they are firmly bound unto
the United States in the sum of FIVE HUNDRED DOLLARS-------- dollars ($ 500.00      ) unless the guarantee
of the bond is that the alien shall not become a public charge, the obligor, and the agent acting on its behalf (if any), declare
themselves bound in such amount or successive amounts as are prescribed in paragraph (G-2) herein as liquidated damages and
not as penalty, which sum is to be paid to the United States immediately upon failure to comply with the terms set forth in any such
paragraph or rider. The obligor and agent further agree that any notice to him/her in connection with this bond may be accomplished
by mail, directed to him/her at the above address. The obligor acknowledges receipt of a copy of the executed bond and any
attached rider or riders specified above.

**D.** Signed and sealed this 28TH        day of     08/2009
                                                (Month/Year)

_____            _____
  (Signature of Obligor)              (Signature of Agent/Co-Obligor (if any))

**E.** Bond approved and accepted at CHICAGO, IL                        on 08/28/2009
                                        (City and State)                    (Date)
RICARDO A. WONG
  (Field Office Director Printed Name)              (Field Office Director Signature)

**F.**
Surety Company _____        Taxpayer Identification Number _____

Agent-Bonding Company _____  Taxpayer Identification Number _____

Obligors-Cash/Treasury Bond  Arvind Oza      Taxpayer Identification Number 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

31 U.S.C. 7701©(1) requires each person doing business with a federal government agency to furnish that agency such person's
taxpayer identification number. It is the intent of the DHS to use such numbers for purposes of collecting and reporting information
on any delinquent accounts arising out of such person's relationship with the Government. The obligor, surety, or agent must furnish
its Taxpayer Identification Number (TIN) to DHS. Failure to furnish the TIN may result in a refusal of the bond.

ICE Form I-352 (Rev. 03/08)

From:                                          08/28/2009 11:08    #675 P.002/009

# IMMIGRATION BOND

OMB No. 1653-0022; Expires 04/30/2011

(Bonded Alien) File No. A99 031 023

Bond Receipt No. CHI-36940

---

**H. Pledge and Power of Attorney for Use When United States Bonds or Notes Are Deposited As Security**

I hereby pledge the United States Bond/Notes described in the following schedule as security for the performance and fulfillment of the obligations described in paragraph C above in accordance with 8 U.S.C. 15, 31 CFR part 225, and Treasury Department Circular 154. I appoint the Attorney General of the United States as my attorney to collect, sell, assign, and transfer said United States Bond or Note. In the case of any default in performance of conditions herein, my attorney shall have the power to collect without appraisal or valuation notice, and to apply the proceeds to the satisfaction of any damages, demands, or deficiencies arising from such default. I waive my right to redeem this security.

| Title of Bond/Notes | Coupons Attached | Face Value | Interest Rate | Serial No. | Interest Dates |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(Affix Seal Here if Required)                                    (Signature of Person Pledging Bonds or Notes)

---

**I. Pledge and Power of Attorney For Use When Cash Is Deposited as Security**

I hereby pledge the amount of FIVE HUNDRED DOLLARS----------------------------- ($ 500.00        )

United States currency as security for the performance and fulfillment of the obligations described in paragraph C above. I appoint the Attorney General of the United States as my attorney to collect or to assign and transfer the said sum of money. I agree that, in case of default in the performance of any of the conditions herein to which I have subscribed, said attorney shall have full power to collect said sum of money or any part thereof or to assign and transfer said sum or any part thereof deemed appropriate by said attorney to the satisfaction of any damages, demands, or deficiencies arising by reason of such default. I further empower said attorney, in the event all the conditions herein to which I have subscribed have been complied with and the bond is canceled, to deliver the said sum of money plus any interest accrued thereon, to me at my risk and expense by such means as said attorney shall select.

(Affix Seal Here if Required)                                    (Signature of Person Pledging Cash)

---

**J.** Before me, within the county/city/parish of COOK _____ in CHICAGO, IL _____

The above named individual personally appeared before us, acknowledged the execution of the foregoing power of attorney, and deposited the security described above. Witness our hands this 28TH day of AUGUST _____ , 2009 .

_____                DEPORTATION OFFICER
(Signature)                                (Title)

_____                DEPORTATION OFFICER
(Signature)                                (Title)

ICE Form I-352 (Rev. 03/08)

## DEPARTMENT OF HOMELAND SECURITY
### U.S. Immigration and Customs Enforcement

## RECEIPT OF IMMIGRATION OFFICER - UNITED STATES BONDS OR NOTES, OR CASH, ACCEPTED AS SECURITY ON IMMIGRATION BOND

| 1. OBLIGOR | Name | | | 2. Receipt Number | |
|---|---|---|---|---|---|
| | Arvind Oza | | | CHI-36840 | |
| | Number and Street | | | 3. City and State | |
| | 1454 President St | | | CHICAGO, IL | |
| | City, State and Zip Code | | | 4. Date | |
| | Glendale Heights, IL 60139 | | | 08/28/2009 | |

| 5. Name of Alien | 6. A-File | 7. Immigration bond: |
|---|---|---|
| Muhammad Saeed MALIK | A99 031 023 | Date 08/28/2009 |
| | | Type VOLUNTARY DEPARTURE BOND |

### 8. UNITED STATES BONDS OR NOTES

Said United States bonds/notes are assigned (State form of assignment, if registered)

| Title of Bonds/Notes | Coupon or Registered | Total Face Amount | Denomination | Serial No. | Interest Dates |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### 9. CASH (Postal Money Order, Certified Check)

The sum of FIVE HUNDRED DOLLARS----------------------------- dollars ($ 500.00        )

In the form of * CHASE Cashier's Check No. 8137324879

Routing No. 8137324879 044000037 758661359

* Description: U.S. Postal Money Order and Number, Bank and Check number; or Number and Denomination of Coin and Currency.

### 10. NOTICE TO OBLIGOR

The Department of Homeland Security will deposit accepted cash in the United States Treasury. When all of its conditions have been met, the immigration bond will be cancelled, you will be so notified, and you may then recover the accepted security. Arrangement will be made for the return to you of the cash accepted as security when you surrender this receipt. **YOU MUST SURRENDER THE ORIGINAL OF THIS RECEIPT BEFORE THE SECURITY WILL BE RETURNED TO YOU. This receipt is not assignable.**

### 11. ACCEPTANCE OF SECURITY

The undersigned hereby acknowledges receipt from above-named obligor of the above-described security, deposited as security on above-named immigration bond filed with the undersigned on behalf of the above-named alien.

| 11a. Signature of Designated DHS Official | 11b. Name and Title of Designated DHS Official |
|---|---|
| | DEPORTATION OFFICER |

**To: Obligor. When surrendered by Obligor, to: Finance, Regional Office**

ICE Form I-305 (08/08)

From:                                              08/28/2009 11:09      #675 P.004/009

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## IMMIGRATION BOND

OMB No. 1653-0022; Expires 04/30/2011

**INSTRUCTIONS**

(READ INSTRUCTIONS CAREFULLY)
This bond is posted as security for performance and fulfillment of the bonded alien's obligations to the government. An acceptable surety company or an entity or individual who deposits United States bonds, notes, or cash may execute the bond as surety. The surety is the obligor; the bonded alien is the principal; and DHS is the beneficiary of all bonds it authorizes. The obligor guarantees the performance of the conditions of the bond. The bond's guaranty is secured by the amount of the bond. An acceptable surety company is one that appears on the current Treasury Department Circular 570 as a company holding the requisite certificate of authority to act as a surety on Federal bonds. An agent of an acceptable surety company may execute the bond only if the agent attaches to the bond a currently valid power of attorney showing the authority of the agent to act for the surety company. Powers of Attorney do not have official form numbers. They differ from state to state and from company to company. Any agent of an acceptable surety company is a co-obligor on this bond, and he/she shall sign as a co-obligor in paragraph D. Failure of an agent to sign as co-obligor shall result in rejection of the bond. A co-obligor shall be jointly and severally liable with the surety company for any breach of this bond (i.e., the liability of a co-obligor is in addition to, not instead of, that of the obligor). DHS may refuse to accept any bond to the extent permitted by law.

Obligors and co-obligors (if any) shall state their full name and address in Paragraph A, and shall sign the bond where indicated in Paragraph D. Either the obligor or co-obligor, or both, may be corporate entities. In addition, an obligor who deposits United States bonds, notes, or cash must deposit the requisite security and execute the appropriate Power of Attorney (i.e., either Paragraph H or I). This deposit and execution may be made before two officers or employees of the Department of Homeland Security ("DHS") who have been authorized to administer oaths pursuant to 8 U.S.C. 1357, and who shall sign as witnesses in Paragraph J. A notary public may witness the obligor's signature in either Paragraph H or I by affixing his/her notarial seal where indicated and showing the date his/her commission expires. No seal is required when officers or employees of the DHS witness the transaction. When a notary public witnesses the obligor's signature, DHS witnesses must still acknowledge receipt of the security for the bond in Paragraph J.

Only the owner of record may deposit United States bonds or notes. Such bonds or notes must be negotiable and not redeemable within one year of the date of the deposit. Any charges made by the depository for accepting United States bonds or notes must be borne by the alien or the owner of the security.

**PRIVACY ACT STATEMENT**

**Authority and Purpose:** The Immigration and Nationality Act, as amended, (8 U.S.C. 1103, 1183, 1226, 1229c, and 1363) authorizes the collection of this information to provide for the posting, maintenance, cancellation, and breach of an immigration surety bond, and for associated financial management activities, including collection of unpaid monies, reimbursement of the bond principal, and the calculation, payment, and reporting of interest. The Internal Revenue Code (26 U.S.C. 6109) and Executive Order 9397 authorize the collection of the Social Security number (SSN).

**Disclosure:** Furnishing this information is voluntary; however, failure to provide it will result in the non-issuance of the immigration bond. For cash bonds, your SSN is necessary to pay interest through the U.S. Treasury Department and to comply with Internal Revenue Service requirements to report interest payments.

**Routine Uses:** This information will be used by and disclosed to DHS personnel and contractors or other agents who need the information to support the enforcement of immigration laws and the provision of immigration benefits. DHS may share this information with the U.S. Treasury Department to report interest paid to an obligor, and to facilitate payments to or collection of monies owed by an obligor. DHS may also share this information with the U.S. Justice Department and other Federal and State agencies for collection, enforcement, investigatory, or litigation purposes, or as otherwise authorized pursuant to its published Privacy Act system of records notice.

ICE Form I-352 Instructions (Rev. 03/08)

# IMMIGRATION BOND

OMB No. 1653-0022; Expires 04/30/2011

Power of Attorney Number _____

(Bonded Alien) File No. A99  031  023

Bond Receipt No. CHI-36840

---

**G.**
**(1) BOND CONDITIONED UPON THE DELIVERY OF AN ALIEN.** In consideration of the granting of the application of the above alien for release from custody under a warrant of arrest issued by the Attorney General charging that he/she is unlawfully in the United States, provided there is furnished a suitable bond as authorized by Section 236 and/or Section 241 of the Immigration and Nationality Act, the obligor hereby furnishes such bond with the following conditions if: (1) the alien is released from custody and if the obligor shall cause the alien to be produced or to produce himself/herself to an immigration officer or an immigration judge of the United States, as specified in the appearance notice, upon each and every written request until exclusion/deportation/removal proceedings in his/her case are finally terminated; (2) the said alien is accepted by the DHS for detention or deportation/removal; or (3) the bond is otherwise canceled, this obligation shall terminate. If, however, the obligor fails to surrender the alien in response to a timely demand while the bond remains in effect, the full amount of the bond (see Paragraph C above) becomes due and payable. The obligor further agrees that no order issued by or under the authority of the Attorney General or Secretary of Homeland Security by virtue of which issuance or execution of any order of deportation/removal is or may be deferred, shall be in any manner construed to impair or render void this obligation or any part thereof.

---

**(2) BOND THAT ALIEN SHALL NOT BECOME A PUBLIC CHARGE.** In consideration of the granting of the application of the above alien for permission to enter the United States, providing there is furnished a suitable bond that he/she will not become a public charge, the obligor hereby furnishes such bond with the following conditions: If the alien is admitted to the United States and accepts any form of prohibited public assistance the obligor shall pay to the United States or to any State, Territory, county, town, municipality or district thereof, which shall have provided such public assistance any or all charges or expenses arising therefrom up to the total amount of the bond. In the event that the public authority providing the assistance is not authorized to accept reimbursement, the obligor agrees that he/she will promptly pay the actual expenses to the Department of Homeland Security. If the obligor fails to pay all charges or expenses within 30 days after notice to him/her by the DHS that the alien received a form of prohibited public assistance that was considered in making a determination that the alien has become a "public charge" provided that in no event shall the liability of the obligor exceed the total amount of bond, then DHS may cease to do business with the obligor or co-obligor. Any such amounts collected by the DHS, which are not turned over to the public authority providing the assistance will be deposited in the Breached Bond Detention Fund. Not withstanding any violation of this bond and any payment made pursuant to the terms thereof, this obligation shall remain in full force and effect as to the remainder of the liability of this obligation until the departure, naturalization or death of the alien. It is further agreed that suit to enforce any of the conditions of this bond may be instituted by either United States, or any interested State, Territory, county, town, municipality, or district thereof.

---

**(3) BOND CONDITIONED UPON THE VOLUNTARY DEPARTURE OF AN ALIEN.** In consideration of the granting by the Attorney General of an application of the above alien to depart voluntarily from the United States, provided there is furnished a suitable bond as authorized by 8 U.S.C. 1229c the obligor hereby furnishes such bond with the following conditions if: (1) the obligor ensures that the alien departs the United States on or before the date specified in the order granting voluntary departure, and provides probative documentation of the departure within 30 days of the date specified in the order granting voluntary departure; or (2) the alien is actually accepted by the DHS for detention or deportation/ removal, this obligation shall terminate. Otherwise the amount of the bond specified in Paragraph C above shall become due and payable.

---

**(4) ORDER OF SUPERVISION BOND.** In consideration of the granting of the release of the above alien pursuant to a post removal period order of supervision, the obligor hereby furnishes this guaranty with the condition that: if the alien fully performs all of the conditions of the order of supervision and surrenders for removal, then this obligation shall terminate; but if the alien fails to fully perform all of the conditions of the order of supervision, or the alien fails to surrender for removal, the full amount of this bond shall become due and payable by the obligor.

ICE Form I-352 (Rev. 03/08)